IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1963-03, 1964-03, 1965-03






BARBARA ANN DEARS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Keller, P.J., filed a dissenting opinion.


 DISSENTING OPINION 



 The rules of appellate procedure provide for a remedy when a certification is defective, (1) not
when it is inaccurate. For inaccuracies, the remedy is usually going to be habeas corpus. Rule
25.2(d) (2) says:

 The appeal must be dismissed if a certification that shows the defendant has the right
of appeal has not been made part of the record under these rules. 


By our very own rule, we have no choice in the matter.

 The purpose of the certification requirement in Rule 25.2(d) is to efficiently sort the
appealable cases from the non-appealable. It helps appealable cases advance through the system
unhindered and intercepts non-appealable cases at an early stage. It forecloses the dismaying waste
of time, money, and effort on non-appealable cases, and allows these resources to be devoted to
legitimate appeals. The certification requirement accomplishes this task with the help of Rule
25.2(e), which requires the trial court clerk to "immediately" send a copy of the certification (and
the notice of appeal) to the appropriate court of appeals. Early receipt of this information enables
the courts of appeals to act quickly to dismiss appeals that are barred byRule 25.2(a)(2), so that the
clerk's and court reporter's records need not be prepared, counsel need not be appointed, and briefs
need not be filed. 

 While I dissent because I disagree with the Court's interpretation of "defective," it is
nevertheless true that equating "defective" with "inaccurate" may sometimes serve to streamline
appeals, as is intended by Rule 25.2(b). This case provides such an example because here there was
affirmative reason to believe the certification was incorrect. While the certification indicated that
this was a plea-bargain case, the docketing statement (3) indicated that it was not, so the Court of
Appeals had reason to doubt the accuracy of the certification. It was this doubt that led to further
inquiry into the case and the discovery that appellant did have the right to appeal. 

 The Court points out that a court of appeals can dismiss an appeal at a very early stage, when
all that is before the appellate court is the notice of appeal and the certification - and perhaps the
docketing statement if timely filed - and that dismissal will be upheld so long as the certification
appears correct based on the limited record available at the time. I agree, but I would take this
opportunity to make it clear that under Rule 25.2, there will normally be no record on appeal in cases
that are not certified by the trial court as appealable. Appellate courts should be able to determine
from the certification alone whether a defendant has the right to appeal. In the rare cases where
preparation of a record would have revealed an inaccuracy in the certification, the defendant may
obtain relief by habeas corpus. 

 I respectfully dissent.

 KELLER, Presiding Judge

Date filed: January 26, 2005

Publish 

1. See TEX. R. APP. P. 37.1.
2. All references to rules are to the Texas Rules of Appellate Procedure.
3. See TEX. R. APP. P. 32.2.